ORIGINAL



FILED
SEP 27 2007

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR GARCIA-LOPEZ, | ) |
| Petitioner, | ) Cr. No.  05-0484GT |
| v. | ) Cv. No. 06-0097GT |
| UNITED STATES OF AMERICA | ) **ORDER** |
| Respondent. | ) |

On January 6, 2006, Petitioner, Hector Garcia-Lopez ("Mr. Garcia"), filed a Motion to Modify Sentence, presumably pursuant to 28 U.S.C. § 2255. Mr. Garcia requests a downward departure based on his cultural assimilation, which Mr. Garcia asserts should have been considered as a mitigating factor at his sentencing. Mr. Garcia asserts that his counsel was ineffective for not apprising the Court of this fact at sentencing. The Court has fully considered this matter, including a review of Mr. Garcia's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Garcia's Motion to Modify Sentence is **DENIED**.

//

First, Mr. Garcia pled guilty, pursuant to a written plea agreement, to two counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Garcia explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See,* United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied,* 117 S.Ct. 1282 (1997). Since Mr. Garcia expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Garcia is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See,* United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Garcia had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Garcia argues that he should have been granted a downward departure based on cultural assimilation and that his counsel was ineffective for not requesting this departure. However, under Ninth Circuit law, a downward departure based on cultural assimilation is appropriate only in "extraordinary circumstances." which were not present in his case. *See* United States v. Rivas-Gonzalez, 384 F.3d 1034, 1045 (9th Cir. 2004). Also, his counsel was bound by his written plea agreement which did not account for a downward departure based on cultural assimilation. Accordingly,

**IT IS ORDERED** that Mr. Garcia's Motion to Modify Sentence is **DENIED.**

**IT IS SO ORDERED.**

9-27-07
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter